IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ERIC MAULDIN                              §

v.                                        §        CIVIL ACTION NO. 6:11cv206

THE TEXAS COURT OF CRIMINAL              §
APPEALS

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Relator Eric Mauldin, proceeding *pro se*, filed this application for the writ of mandamus, seeking to have the federal district court issue a writ of mandamus against the Texas Court of Criminal Appeals. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mauldin says that he pleaded guilty to five criminal charges arising from the same episode, including aggravated assault, endangering a child, burglary of a habitation, and evading arrest. He received four life sentences and one 20-year sentence, running concurrently. He did not take an appeal, not wishing to use the same attorney who had advised him to plead guilty, but later sought an out-of-time appeal, which was denied.

Mauldin also states that he filed an application for the writ of habeas corpus in state court, which was denied by the Court of Criminal Appeals. In his mandamus petition, he asks that the federal district court order the Texas Court of Criminal Appeals to undertake an "independent review" of his state habeas petition. He asserts that the Court of Criminal Appeals based its decision denying habeas relief on "facts presented by the State, which was of no consequence to the claims presented in Relator's application, alleging facts totally unrelated to Relator, also trial counsel

affidavit was responding to [sic] unrelated to the claims presented." He argues that the state court's evidentiary review was "unfair and prejudiced" and that had the Court of Criminal Appeals conducted an independent review, this would have been proven. Should the "independent review" result in denial of the state petition, Mauldin asks that the Court of Criminal Appeals be directed to issue a written order explaining why he cannot appeal his conviction when it has been "clearly shown" that his guilty plea was not voluntary and that he was not aware that he could withdraw his plea.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the application for mandamus relief be denied. The Magistrate Judge stated that federal district courts lack jurisdiction to issue writs of mandamus against state or county actors or agencies, and that in the context of applying mandamus to judicial officials, it may be used to confine an inferior court to a lawful exercise of its prescribed jurisdiction, or to compel it to exercise its authority when it is the inferior court's duty to do so.

In this case, the Magistrate Judge concluded, the Texas Court of Criminal Appeals is not an "inferior court" to the federal district court for the Eastern District of Texas, and is a state agency in any event. Thus, the Magistrate Judge concluded that the federal district court lacked jurisdiction to issue a writ of mandamus against the Court of Criminal Appeals, and recommended that the case be dismissed.

Mauldin filed objections to the Magistrate Judge's Report on June 3, 2011. In his objections, Mauldin says that he is seeking justice where the record and exhibits clearly show that the trial court ignored facts showing without a doubt that he was denied due process. He states that he sought mandamus relief from the Court of Criminal Appeals, but his first writ was never reviewed, and his second mandamus petition to the Court of Criminal Appeals was denied or refused on May 4, 2011. Thus, he says, he has no other avenue of relief outside of the federal courts.

Mauldin acknowledges that the state district court conducted an evidentiary hearing, albeit by affidavit. He says that a review of the affidavits will show beyond a reasonable doubt that

his right to effective assistance of counsel was violated, but the state courts failed to review the claims as required by U.S. Supreme Court case law. He again says that he has exhausted all other remedies, and contends that failure to consider this issue will result in a "direct miscarriage of justice, because this Court can consider a violation of a constitutional right."

Mauldin's objections are without merit. The Magistrate Judge correctly determined that the federal district court for the Eastern District of Texas lacks jurisdiction to issue writs of mandamus against the Texas Court of Criminal Appeals. *See* Steel v. Texas Court of Criminal Appeals, 275 F.3d 1081, 2001 WL 1468357 (5th Cir., October 26, 2001) (stating that "the district court's determination that it had no authority to issue a writ of mandamus [against the Texas Court of Criminal Appeals] was correct"). Mauldin's assertions that a miscarriage of justice will occur if his application for mandamus relief is not granted are not sufficient to confer jurisdiction upon the district court. The Magistrate Judge did not err in recommending that relief be denied.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Relator's application for mandamus relief, the Report of the Magistrate Judge, the Relator's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Relator's objections are without merit. It is accordingly

ORDERED that the Relator's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of mandamus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 14th day of June, 2011.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**